IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

CERTIFIED A TRUE COPY
WILLIAM M. McCOOL, Clerk
By: Deputy Clerk

UNITED STATES OF AMERICA

v.

**JESUS FRANCISCO WILSON,**
**a/k/a James Patterson Nixon,**
**a/k/a Miami Black,**
**a/k/a Black,**
**a/k/a Mike,**
**MARCUS TALLEY,**
**a/k/a Snoop**
**and**
**VIRGIL TALLEY**
_______________________________/

**FIFTH SUPERSEDING INDICTMENT**
3:96cr65/LAC

**THE GRAND JURY CHARGES:**

**COUNT I**

That from on or about August 1, 1995, and continuing through the date of this indictment, in the Northern District of Florida and elsewhere, the defendants,

**JESUS FRANCISCO WILSON,**
**a/k/a James Patterson Nixon,**
**a/k/a Miami Black,**
**a/k/a Black,**
**a/k/a Mike,**
**MARCUS TALLEY,**
**a/k/a Snoop**
**and**
**VIRGIL TALLEY,**

FILED IN OPEN COURT THIS
5/19/98
CLERK U. S. DISTRICT
COURT, NORTH. DIST. FLA.

240

did knowingly and willfully combine, conspire, confederate, agree, and have a tacit understanding with each other and with other persons, to possess with intent to distribute the controlled substances cocaine and cocaine base, commonly known as "crack", in violation of Title 21, United States Code, Sections 841(a) and (b)(1)(A)(ii) and (iii).

All in violation of Title 21, United States Code, Section 846.

**COUNT II**

That on or about April 9, 1996, in the Northern District of Florida, the defendants,

**JESUS FRANCISCO WILSON,**
**a/k/a James Patterson Nixon,**
**a/k/a Miami Black,**
**a/k/a Black,**
**a/k/a Mike,**
**MARCUS TALLEY,**
**a/k/a Snoop**
**and**
**VIRGIL TALLEY,**

did knowingly and intentionally possess with intent to distribute the controlled substance cocaine base, commonly known as "crack", in violation of Title 21, United States Code, Sections 841(a) and (b)(1)(A)(iii).

**COUNT III**

That on or about March 23, 1996, in the Northern District of Florida, the defendant,

**MARCUS TALLEY,**
**a/k/a SNOOP,**

during in relation to a drug trafficking offense for which he may be prosecuted in a court of the United States, that is, conspiracy to possess with intent to distribute cocaine and cocaine base, commonly known as "crack", as charged in Count I of this indictment, did knowingly use and carry a firearm, that is, a Mossberg 12 gauge shotgun, Model 500, in violation of Title 18, United States Code, Section 924(c).

**COUNT IV**

That on or about March 23, 1996, in the Northern District of Florida, the defendant,

**MARCUS TALLEY,**
**a/k/a SNOOP,**

having previously been convicted of crimes punishable by imprisonment for a term exceeding 1 year, to wit:

(1) the defendant, **MARCUS TALLEY, a/k/a SNOOP,** was convicted on September 30, 1987, in case no. 87-3841CF10B in the Circuit Court in and for Broward County, Florida, of the felony of Robbery with deadly weapon in violation of Florida Statutes;

(2) the defendant, **MARCUS TALLEY, a/k/a SNOOP**, was convicted on January 4, 1988, in case no. 86-12, in the Circuit Court in and for Hendry County of the felonies of Burglary of a structure and Grand Theft, in violation of Florida Statutes;

(3) the defendant, **MARCUS TALLEY, a/k/a SNOOP**, was convicted on January 4, 1988, in case no. 86-13 in the Circuit Court in and for Hendry County, Florida, of the felony of Aggravated Assault, in violation of Florida Statutes;

(4) the defendant, **MARCUS TALLEY, a/k/a SNOOP**, was convicted on September 7, 1992, in case no. F91-18378B, in the Circuit Court in and for Dade County of the felony of Burglary of a conveyance, in violation of Florida Statutes;

(5) the defendant, **MARCUS TALLEY, a/k/a SNOOP**, was convicted on April 3, 1990, in case no. F89-44970 in the Circuit Court in and for Dade County, Florida, of the felony of Grand Theft Auto and Possession of Burglary Tools in violation of Florida Statutes;

(6) the defendant, **MARCUS TALLEY, a/k/a SNOOP**, was convicted on September 7, 1992, in case no. F91-18378B, in the Circuit Court in and for Dade County of the felony of Burglary of a conveyance, in violation of Florida Statutes;

did knowingly possess in and affecting commerce a firearm described as a 12 gauge Mossberg shotgun, Model 500, which had been transported in interstate commerce.

All in violation of Title 18, United States Code, Sections 922(g) and 924(e).

**COUNT V**

That between on or about January 4, 1996, and on or about April 9, 1996, in the Northern District of Florida, the defendants,

**MARCUS TALLEY,**
**a/k/a SNOOP**
**and**
**VIRGIL TALLEY,**

during and in relation to a drug trafficking offense for which they may be prosecuted in a court of the United States, that is, conspiracy to possess with intent to distribute cocaine and cocaine base, commonly know as "crack", as charged in Count I of this indictment, did knowingly use and carry a firearm, that is, a handgun, in violation of Title 18, United States Code, Sections 924(c) and 2.

**CRIMINAL FORFEITURE**

1. The allegations contained in Counts I and II of the indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeitures, pursuant to the provisions of Title 21, United States Code, Section 853.

2. From their engagement in the violations alleged in Counts I and II of the indictment, punishable by imprisonment for more than one year, the defendants,

**JESUS FRANCISCO WILSON,**
**a/k/a James Patterson Nixon,**
**a/k/a Miami Black,**
**a/k/a Black,**
**a/k/a Mike,**
**MARCUS TALLEY,**
**a/k/a Snoop**
**and**
**VIRGIL TALLEY**

shall forfeit to the United States, pursuant to Title 21, United States Code, Section 853(a)(1) and (2), all of their interests in:

A. Property constituting and derived from any proceeds the defendants obtained, directly or indirectly, as the result of such violations; and

B. Property used and intended to be used in any manner or part to commit and to facilitate the commission of such violations.

3. The above described property includes but is not limited to the following:

A. Not less than $100,000.00 in United States Currency and all interest traceable thereto in property which was involved in the aforesaid offenses or is traceable to such property.

4. If any of the property described above as being subject to forfeiture, as a result of any act or omission of the defendants:

(1) cannot be located upon the exercise of due diligence;

(2) has been transferred or sold to, or deposited with, a third person;

(3) has been placed beyond the jurisdiction of this Court;

(4) has been substantially diminished in value; or

(5) has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendants, up to the value of the above forfeitable property.

All in violation of Title 21, United States Code, Section 853.

A TRUE BILL:

FOREPERSON

19 MAY 98

DATE

P. MICHAEL PATTERSON
United States Attorney

BENJAMIN W. BEARD
Assistant U.S. Attorney