245B (Rev. 8/96) Sheet 1 - Judgment in a Criminal Case

CERTIFIED A TRUE COPY
WILLIAM M. McCOOL, Clerk
By: Deputy Clerk

# United States District Court

UNITED STATES OF AMERICA
v.
**JESUS FRANCISCO WILSON**

**JUDGMENT IN A CRIMINAL CASE**
(For Offenses Committed On or After November 1, 1987)

Case Number: **3:96CR00065-009**

**Charles Salom, Miami, FL**
Defendant's Attorney

**HE DEFENDANT:**

☒ pleaded guilty to count(s) **I and II (07/02/98)**

☐ pleaded nolo contendere to count(s) ______ which was accepted by the court.

☐ was found guilty on count(s) ______ after a plea of not guilty.

| tle & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 1 U.S.C. § 846 | Conspiracy to Possess with Intent to Distribute Cocaine and Cocaine Base | 05/19/1998 | I |
| 1 U.S.C. § 841 (a)(1) | Possession with Intent to Distribute Cocaine Base | 04/09/1996 | II |

The defendant is sentenced as provided in pages 2 through 7 of this judgment. The sentence is imposed pursuant the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) ______

☒ Count(s) V is dismissed on the motion of the United States.

IT IS FURTHER ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of ny change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this idgment are fully paid.

efendant's Soc. Sec. No.: [redacted]
efendant's Date of Birth: [redacted]
efendant's USM No.: 58322-004
efendant's Residence Address:
[redacted]
[redacted] FL [redacted]

efendant's Mailing Address:
[redacted]t
[redacted] FL [redacted]

**11/24/1998**
Date of Imposition of Judgment

Signature of Judicial Officer

**LACEY A. COLLIER**
**United States District Judge**
Name & Title of Judicial Officer

7 Dec 98
Date

OFFICE OF CLERK
U.S. DISTRICT CT.
NORTHERN DIST. FLA.
PENSACOLA, FLA.
98 DEC -8 AM 10:27
FILED

289

DEFENDANT: JESUS FRANCISCO WILSON

CASE NUMBER: 3:96CR00065-009

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of 182 month(s) .

**This sentence is composed of 182 months in Count I and 182 months in Count II, to run concurrently with Count I.**

☒ The court makes the following recommendations to the Bureau of Prisons:

**While incarcerated in the Bureau of Prisons, the defendant shall participate in the Residential Drug Abuse Treatment Program, or other such program, as deemed eligible by the Bureau of Prisons.**

☒ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

☐ at ______________ a.m./p.m. on ________________ .

☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

☐ before 2 p.m. on ________________________ .

☐ as notified by the United States Marshal.

☐ as notified by the Probation or Pretrial Services Office.

# RETURN

I have executed this judgment as follows:

______________________________________________________________

______________________________________________________________

______________________________________________________________

Defendant delivered on ______________________________ to ______________________________

at ______________________________ , with a certified copy of this judgment.

______________________________
UNITED STATES MARSHAL

By ______________________________
Deputy U.S. Marshal

[ FENDANT: JESUS FRANCISCO WILSON

( SE NUMBER: 3:96CR00065-009

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of 5 year(s) .

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state, or local crime.

The defendant shall not illegally possess a controlled substance.

*For offenses committed on or after September 13, 1994:*

The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as directed by the probation officer.

☐ The above drug testing condition is suspended based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)

☒ The defendant shall not possess a firearm as defined in 18 U.S.C. § 921. (Check, if applicable.)

If this judgment imposes a fine or a restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervised release in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.

The defendant shall comply with the standard conditions that have been adopted by this court (set forth below) . The defendant shall also comply with the additional conditions on the attached page (if indicated below).

**See Special Conditions of Supervision - Page 4**

# STANDARD CONDITIONS OF SUPERVISION

the defendant shall not leave the judicial district without the permission of the court or probation officer;

the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;

) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

) the defendant shall support his or her dependents and meet other family responsibilities;

) the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;

) the defendant shall notify the probation officer ten days prior to any change in residence or employment;

) the defendant shall refrain from excessive use of alcohol;

) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;

0) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

1) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

2) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;

3) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

[ FENDANT: JESUS FRANCISCO WILSON

( SE NUMBER: 3:96CR00065-009

## SPECIAL CONDITIONS OF SUPERVISION

1 ıs deemed necessary by the supervising probation officer, the defendant shall be required to participate in a program of drug t ıtment which may include testing to determine whether the defendant is using drugs.

2 ˜he defendant shall cooperate with the Probation Department and/or the Florida Department of Revenue's Child Support I forcement Program in the establishment of child support and shall make all required child support payments.

3 The defendant shall pay a fine of $1,000 in monthly installments of not less than $20 to commence three months after release f m confinement.

D 'ENDANT: JESUS FRANCISCO WILSON

C ;E NUMBER: 3:96CR00065-009

# CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set fc ı on Sheet 5, Part B.

| | | Assessment | | Fine | | Restitution |
|---|---|---|---|---|---|---|
| Totals: | $ | 200.00 | $ | 1,000.00 | $ | |

[ If applicable, restitution amount ordered pursuant to plea agreement . . . . . . . . . . . . . $ ______________

# FINE

ˉ ɜ above fine includes costs of incarceration and/or supervision in the amount of $ ______________ .

The defendant shall pay interest on any fine of more than $2,500, unless the fine is paid in full before the fifteenth day ɛ ɜr the date of judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 5, Part B may be subject to ȷ ıalties for default and delinquency pursuant to 18 U.S.C. § 3612(g).

] The court determined that the defendant does not have the ability to pay interest and it is ordered that:

☐ The interest requirement is waived.

☐ The interest requirement is modified as follows:

# RESTITUTION

] The determination of restitution is deferred until __________ . An Amended Judgment in a Criminal Case will be entered after such a determination.

] The defendant shall make restitution to the following payees in the amounts listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportional payment unless ›ecified otherwise in the priority order or percentage payment column below.

| ame of Payee | * Total Amount of Loss | Amount of Restitution Ordered | Priority Order or Percentage of Payment |
|---|---|---|---|
| Totals: | $ ______________ | $ ______________ | |

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses ommitted on or after September 13, 1994 but before April 23, 1996.

DEFENDANT: JESUS FRANCISCO WILSON

CASE NUMBER: 3:96CR00065-009

# SCHEDULE OF PAYMENTS

Payments shall be applied in the following order: (1) assessment; (2) restitution; (3) fine principal; (4) cost of prosecution; (5) interest; (6) penalties.

Payment of the total fine and other criminal monetary penalties shall be due as follows:

- ☐ in full immediately; or
- ☒ $ 100.00 immediately, balance due (in accordance with C, D, or E); or
- ☐ not later than ________; or
- ☐ in installments to commence ______ day(s) after the date of this judgment. In the event the entire amount of criminal monetary penalties imposed is not paid prior to the commencement of supervision, the U.S. probation officer shall pursue collection of the amount due, and shall request the court to establish a payment schedule if appropriate; or
- ☒ in monthly *(e.g. equal, weekly, monthly, quarterly)* installments of $ 20.00 over a period of 5 year(s) to commence 3 month(s) upon release from incarceration.

The defendant will receive credit for all payments previously made toward any criminal monetary penalties imposed.

Special instructions regarding the payment of criminal monetary penalties:

[ ] The defendant shall pay the cost of prosecution.

[ ] The defendant shall forfeit the defendant's interest in the following property to the United States:

Unless the court has expressly ordered otherwise in the special instructions above, if this judgment imposes a period of imprisonment payment of criminal monetary penalties shall be due during the period of imprisonment. All criminal monetary penalty payments, except those payments made through the Bureau of Prisons' Inmate Financial Responsibility Program are to be made as directed by the court, the probation officer, or the United States attorney.